## Case No. 14,698.

### UNITED STATES v. BUTLER.

[1 Cranch, C. C. 422.] [1]

Circuit Court, District of Columbia. July Term, 1807.

#### WITNESS—APPEARANCE—CASE CONTINUED.

If a witness appear in court at the term mentioned in his recognizance, and no default be entered against him at that term, and the recognizance be not respited, he is not bound by the recognizance to attend at the following term, although the cause should be continued.

Scire facias against a surety of a witness, bound by recognizance to appear at June term, 1804, and not to depart without leave of court. The breach assigned was that the witness failed to appear according to the recognizance. Upon the trial of the issue the evidence offered, to show the breach, was a record of November term, 1804, stating that the witness was called and failed to appear. There was no record of the respite of the recognizance, nor of a continuance of it, nor of any order for the witness to attend again. It appeared, upon the record of June term, that the witness was allowed for four days' attendance on the prosecution at that term.

THE COURT (nem. con.) said that the record of the default of the witness at November term was not evidence of a breach of the recognizance by not appearing, unless there was a record of a respite, &c., and even then it was doubtful whether the breach assigned should not be that the witness had departed without leave of the court.

Verdict for the defendant.

## Case No. 14,699.

### UNITED STATES v. BUTLER.

[2 Cranch, C. C. 75.] [1]

Circuit Court, District of Columbia. June Term, 1812.

#### WITNESS—SLAVE—FREE NEGROES.

1. A slave is not a competent witness against a free black person, in a capital case.

2. But free blacks, unless they are in a state of servitude by law, are competent witnesses against free blacks.

Indictment for arson in burning the stable of Hieronimus.

Mr. Jones, for the United States, offered a slave as a witness.

Mr. Key, for defendant [Minta Butler, a free black woman], objected that he was not a competent witness against a free negro in a capital case.

Mr. Jones admitted the objection to be good.

Mr. Key then objected to free negroes as witnesses against the prisoner, and cited the Maryland act of 1717, c. 13, § 3.

But THE COURT (FITZHUGH, Circuit Judge, absent,) said that only free negroes, during their term of servitude by law, or mulattoes, during their term of servitude by law, were excluded by that act.

## Case No. 14,700.

### UNITED STATES v. BUTLER et al.[1]

[1 Hughes, 457.] [2]

Circuit Court, D. South Carolina. April 1877.

INDICTMENT—FINDING AND ENTRY—GRAND JURY —CHALLENGE TO ARRAY—PETIT JURORS—CHALLENGES—CONSPIRACY—CIRCUIT COURT JURISDICTION.

1. It is not necessary that the finding of a grand jury upon a bill of indictment presented by them should be read in open court.

2. The handing of the bill to the clerk in open court, and the entry of it by him on the records, is a sufficient publication of the finding of the grand jury.

3. A challenge to the array of the grand jury cannot be made after the jury is organized and has entered upon its duties.

4. The jurisdiction of the United States circuit court for the district of South Carolina extends throughout the entire state.

5. The district attorney is not bound to furnish the defendants with the names of the prosecutor and witnesses in a criminal case not capital.

6. In challenging the petit jurors, the right of peremptory challenge need not be exercised until the opportunity of rejecting for cause is afforded.

7. In presenting jurors for challenge, the government must first exercise its right, and then the defence.

8. As the government is allowed the right of peremptory challenge, it cannot ask a juror to stand aside until the panel is exhausted before challenging for cause or peremptorily.

9. It is a good cause of challenge to a juror, that he has voluntarily joined the Rebellion. See Rev. St. § 820.

10. To convict under this indictment, for conspiracy contrary to the provisions of sections 5508 and 5520, Rev. St., it is not necessary to find that the conspiracy charged was formed against the voter named in the indictment alone. It is sufficient if it is made to appear that he was included among persons actually conspired against.

11. Every member of a conspiracy is responsible, personally, for the acts of every member thereof, done in furtherance of its illegal purposes, whether he be himself present or not.

12. A "reasonable doubt" is something more than a captious doubt. It must be a doubt for which a reason can be given. [Cited in U. S. v. Stevens, Case No. 16,392.]

13. All citizens of the United States, whether white or black, are included within the protection of the statute alleged to have been violated by the defendants.

This was an indictment for conspiracy against one David Bush to prevent him from giving his support in favor of the election of one Robert Smalls as a member of congress, etc. The indictment was drawn under the provisions of sections 5508 and 5520 of the Revised Statutes of the United States. It

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] This report of the case has been prepared for this volume [1 Hughes] by William Stone, Esq., late United States Attorney for South Carolina.

[2] [Reprinted by permission.]